NEBEKER, Chief Judge,
concurring in part:
Bargaining for more than is offered is as legitimate when it comes to remedies on appeal as it is anywhere in a give-and-take world. So long as the basis for the greater remedy is not frivolous, seeking that remedy is quite consistent with counsel’s professional obligation. In this instance, counsel’s performance was most professional. The fact that the Court did not grant the appellant a reversal is, in my view, irrelevant to his entitlement to the full EAJA award.
To be sure, courts in some instances reduce EAJA awards when certain issues are raised but ultimately prove to be unavailing. However, engaging in such a calculation borders, of necessity, on the arbitrary. In this, as in most appeals, I can find no rational way to treat the matter as other than a unitary event. A lawyer may legitimately present a difficult “cutting edge” issue which the Court may choose to avoid deciding by ruling for that party on another less significant issue. The attorney should not be left to do so at the client’s peril. As to oral argument, I question whether the Court could rationally cut the fee for preparation and presentation of the argument by the time devoted to an issue or issues which the Court chooses not to reach while ruling for that party on some other issue. I submit that the ultimate fact that an appellant prevails on a relatively simple issue — the kind of issue where one is likely to find a lack of substantial justification by the Secretary— hardly makes the selection and briefing of other issues a useless or noncompensable endeavor.
Accordingly, I would grant the fee applications in full. In light of the dissent, my vote necessarily includes the partial amount granted by the author of the opinion of the Court. Regrettably, in my view, *76 the appellant will have to settle for the reduced award.